

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2007

# In Re: Shemonsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Shemonsky " (2007). *2007 Decisions.* Paper 465.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/465

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-338                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 07-2784, 07-2790, & 07-2791
_____

MICHAEL R. SHEMONSKY,

Appellant


MICHAEL G. OLEYAR, JR.,

Trustee

_____


On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. Nos. 07-cv-00765, 07-cv-00766, & 07-cv-00806)
District Judge:  Honorable Malcolm Muir
_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 16, 2007

BEFORE: RENDELL, SMITH and JORDAN, CIRCUIT JUDGES

(Filed: September 6, 2007)
_____


OPINION
_____


PER CURIAM

Michael Shemonsky appeals the District Court's order dismissing his appeals for

failure to file briefs in conformity with Rule 8010 of the Federal Rules of Bankruptcy

Procedure.  Shemonsky had filed appeals to the District Court from three orders of the

Bankruptcy Court. After he filed his briefs, the District Court noted that the briefs were not in compliance with Rule 8010 because Shemonsky did not include a table of contents, a table of cases relied on, a statement of jurisdiction, and a statement of the issues. After the District Court directed Shemonsky to file briefs in compliance with Rule 8010, Shemonsky filed supplemental briefs. The District Court found that the supplemental briefs did not comply with its May 9th order and deemed the three appeals to be withdrawn. Shemonsky filed timely notices of appeal. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291 and have consolidated the appeals.

We have held that Rule 8010 serves the substantive purpose of giving the District Court notice of the alleged errors in the appealed decision. In re Trans World Airlines, Inc., 145 F.3d 124, 132 (3d Cir. 1998). Therefore, a District Court has the discretion to deem an argument waived if it is not presented in compliance with Rule 8010. Id. In his briefs, Shemonsky did not present any cognizable challenges to the Bankruptcy orders he was appealing. Instead, he discussed Atlantic Federal, a former financial institution.[1] While we are mindful of the liberal construction given to pro se pleadings, we conclude that the District Court did not abuse its discretion in deeming Shemonsky's appeals withdrawn.

Summary action is appropriate if there is no substantial question presented in the

---

[1] Shemonsky has been enjoined by the District Court for the Middle District of Pennsylvania from filing pleadings related to Atlantic Financial. See In re Michael Shemonsky, M.D. Pa. Misc. No. 03-mc-0008 (Feb. 18, 2003).

appeal.  <u>See</u> Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6.